Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Police Fire Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion concerning the disposition of retirement benefits under a particular factual scenario involving a retired police officer. According to the stated facts, the officer is retired under "the original retirement program commonly known as `The Local Retirement Program.'"[1] Subsequent to his retirement, the officer obtains a divorce. In the divorce decree, the wife is awarded one-half of the retirement benefits. The specific questions in this regard are as follows:
 When do the retirement benefits cease? Upon the death of the husband police officer or upon the death of the ex-wife? Should the wife predecease her husband, does her one-half of the retirement then revert back to her ex-husband, or does it go to her estate and/or heirs, or does it just simply terminate by her death?
It is my opinion that upon the death of the retired police officer, the benefits will be distributed in accordance with A.C.A. § 24-11-425 (Supp. 1993), a copy of which is enclosed herein. As you can see, provision is made for the payment of monthly pension benefits to "the surviving spouse," "qualifying [children]" and "dependent parent" of the deceased police officer. See A.C.A. § 24-11-425(a), (b), (e)-(h). There is no provision for directing benefits to a surviving ex-wife. It must therefore be concluded that the ex-wife will receive no pension fund benefits after the retired police officer's death. Rather, payment will be made as directed in § 24-11-425. See also
A.C.A. § 24-11-417(b) (Repl. 1992) ("The fund shall be securely held and distributed for the purpose of pensioning the persons mentioned in this subchapter and for no other person or purpose whatsoever.") It is my opinion that the divorce decree cannot effectively award the ex-wife any share of benefits after the retired officer's death. It is clear that the retired officer himself has no right to continue receiving pension benefits after the end of his natural life. Therefore, he has no further property interest which his surviving ex-wife could receive under a divorce decree.
If the ex-wife predeceases the retired police officer, the disposition of her share under the divorce decree could conceivably be governed by the decree during his lifetime. The divorce decree could, it seems, address entitlement to her share until his death. Thus, depending upon the terms of the decree, her share could revert to him or go to her estate or heirs. This would, however, only apply during the officer's lifetime. As stated above, benefits must be distributed in accordance with §24-11-425 after the retired officer's death. There are no benefits available for distribution to the deceased ex-wife's estate or heirs after the officer dies.
Thus, where there is no surviving spouse, subsection (a) of §24-11-425 is inapplicable and no monthly benefit will be paid thereunder following the officer's death. The deceased police officer's child or children who are under the age of eighteen and who have not completed high school will receive benefits in accordance with subsection (e) of § 24-11-425.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] I assume, although it is not clearly stated in your request, that this is a local police pension and relief fund under A.C.A. § 24-11-401 et seq. (Repl. 1992 and Supp. 1993). Reference to other statutory provisions may be necessary if this is not in fact the case.